**CV-10 3504**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2010 ★

LONG ISLAND OFFICE

WEXLER, J.

LINDSAY, M.

---------------------------------------------------------X

Steven Denicola

**Plaintiff**

-against-

Praxis Financial Solutions, Inc.

**Defendant**

Docket No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

---------------------------------------------------------X

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because the Defendant repeatedly telephoned the Plaintiff's elderly mother in an attempt to collect an alleged debt; the Defendant and Defendant debt collector failed to properly provide the Plaintiff with notices required under Federal law.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3. Defendants actions as alleged herein constitute crimes against the Plaintiff.

4. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10. The Defendants allege that the Plaintiff owes a consumer debt (the debt) to a company called Direct Merchants Visa. ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

11. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

12. On or about the week of March 15 2010, the Defendant telephoned the Plaintiff's mother and requested that the Plaintiff's mother deliver a message to the Plaintiff. The Plaintiff's mother informed the Defendant that the Plaintiff did not live at that location and had not for many years. The Plaintiff's mother requested that the Defendant not call her residence again. The Plaintiff's mother delivered such message to the Plaintiff. The Defendant did not provide the Plaintiff with the notice required by 15 USC 1692e(11) in relation to this indirect communication with the Plaintiff.

13. Subsequent to the first call with Plaintiff's mother, the Defendants again contacted the Plaintiff's mother by telephone. Again, the Defendant requested that the Plaintiff's mother deliver a message to the Plaintiff. Again, the Plaintiff's mother informed the Defendant that the Plaintiff did not live at that location and had not for many years. The Plaintiff's mother delivered such message to the Plaintiff. The Defendant did not provide the Plaintiff with the notice required by 15 USC 1692e(11) in relation to this indirect communication with the Plaintiff.

14. Subsequent to the second call with Plaintiff's mother, the Defendants again contacted the Plaintiff's mother by telephone. Again, the Defendant requested that the Plaintiff's mother deliver a message to the Plaintiff. Again, the Plaintiff's mother informed the Defendant that the Plaintiff did not live at that location and had not for many years. The Plaintiff's mother delivered such message to the Plaintiff. The Defendant did not provide the Plaintiff with the notice required by 15 USC 1692e(11) in relation to this indirect communication with the Plaintiff.

15. During the time period that the Defendant was telephoning the Plaintiff's mother, the Defendant was also telephoning the Plaintiff's residence, and sending letters to the Plaintiff's residence. The Plaintiff received such letters.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

17. Defendant's actions as described herein violated the following provisions of the FDCPA:

a. 15 U.S.C Section 1692b(1)

b. 15 U.S.C Section 1692b(2)

c. 15 U.S.C Section 1692b(3)

d. 15 U.S.C Section 1692c(b)

e. 15 U.S.C Section 1692d

f. 15 U.S.C Section 1692d(1)

g. 15 U.S.C Section 1692d(5)

h. 15 U.S.C Section 1692d(6)

i. 15 U.S.C Section 1692e

j. 15 U.S.C Section 1692e(10)

k. 15 U.S.C Section 1692e(11)

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

18. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

19. The Defendant harassed the Plaintiff's elderly mother in an attempt to exert undue pressure on the Plaintiff to pay the Defendant money.

20. Defendant was aware that it is illegal under New York State and Federal Law to engage in the conduct described herein. Plaintiff relied upon the protection afforded him

under New York and Federal Law. It was foreseeable that Defendant's continuation of their illegal conduct would cause damage to the Plaintiff. Defendant owed the Plaintiff a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

21. Defendant's actions constitute a crime under the New York General Business Law Article 29H. Defendant owed Plaintiff a duty and a special duty to abide by the criminal statutory proscriptions of New York law.

22. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

23. Defendant's actions and omissions as described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendant's actions were willful, malicious, and wanton. Defendant's actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

24. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

25. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST THE CORPORATE DEFENDANT

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. On information and belief, the employee of the Defendant that continuously telephoned the Plaintiff's mother was not properly trained or supervised.

28. On information and belief, the Defendant does not properly train or supervise the employees that they use to collect alleged debts. On information and belief, it is the policy of the corporate Defendant to engage in actions consistent with the Defendant's actions described herein. On information and belief, Defendant hires, trains, supervises and/or retains employees with a complete disregard of their ability or propensity to abide by federal and state debt collection laws.

29. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

30. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an

indifference to the rights of Plaintiff. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

31. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

32. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

33. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

34. Defendant's conduct as described herein violated various New York State statutes.

35. Defendant's actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

36. Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

37. Defendant's actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

38. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

39. Defendant's' violations of the above referenced statutes proximately caused damage to the Plaintiff.

40. Defendant is liable for negligence per se.

41. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

42. Plaintiff requests an injunction prohibiting the Defendant from telephoning the Plaintiff's mother relating to the alleged debt.

## X. DAMAGES

43. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered emotional damage. In addition, the Plaintiff will incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Injunctive relief as described herein;

B. Actual damages

C. Statutory damages

D. Nominal damages;

E. Punitive damages;

F. Costs and reasonable attorney's fees pursuant to the FDCPA;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Joseph Mauro